# EXHIBIT A

1  Brian R. Short (SBN 236140)
   *Brian@ShortLegal.com*
2  Kristina De La Rosa (SBN 279821)
   *Kristina@ShortLegal.com*
3  ShortLegal, APC
   350 10th Ave., Suite 1000
4  San Diego, California 92101
   Telephone: 619.272.0720
5  Facsimile: 619.839.3129

6  Attorneys for Plaintiff Andrew Rodriguez

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN DIEGO

10 ANDREW RODRIGUEZ, Individually and on
   behalf of all similarly-situated employees of       Case No.  37-2017-00010948-CU-OE-CTL
11 Defendants in the State of California,
                                                        Unlimited Civil - Amount Demanded
12           Plaintiff,                                 Exceeds $25,000.00

13      v.                                              **COMPLAINT**

14 PETSMART, INC. and DOES 1 through 50,                IMAGED FILE
   inclusive,
15                                                           CLASS ACTION [CCP § 382]
             Defendants.
16                                                     1.   Failure to Authorize and Permit Rest
                                                            Periods
17                                                     2.   Failure to Pay Minimum and Regular
                                                            Wages
18                                                     3.   Failure to Pay Overtime Wages
                                                      4.   Failure to Provide and Maintain Accurate
19                                                          Itemized Wage Statements
                                                      5.   Failure to Timely Pay Wages Due Upon
20                                                          Separation of Employment
                                                      6.   Unfair Business Practices (Violation of Cal.
21                                                          Bus. & Prof. Code §§ 17200, *et seq.*)

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**03/27/2017** at 12:28:45 PM
Clerk of the Superior Court
By Jenitta Vrissimo,Deputy Clerk

1    Plaintiff Andrew Rodriguez individually and on behalf of himself and all other similarly-situated

2  current and former employees alleges as follows:

3                                              **I.**

4                **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

5       1.      Plaintiff Andrew Rodriguez (hereinafter "Rodriguez") brings this individual and class

6  action suit against Defendant PetSmart, Inc. (hereinafter "PetSmart"), and DOES 1 through 50, inclusive

7  (collectively referred to as "Defendants"), on behalf of himself and all other current and former

8  similarly-situated employees for engaging in a systemic pattern of wage and hour violations under

9  California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.

10      2.      PetSmart, Inc. is a retail corporation providing services and solutions for the lifetime

11  needs of pets throughout the state of California.

12      3.      Rodriguez, at times relevant, was employed by Defendants as a Pet Groomer.

13      4.      Plaintiff is informed and believes, and thereon alleges, that Defendants decreased their

14  employment-related costs at their facilities in order to increase their level of productivity and profits by

15  systematically violating both state wage and hour laws and IWC Wage Orders including, but not limited

16  to:

17      a.      Failing to properly provide paid off-duty rest periods;

18      b.      Failing to pay for minimum, regular and overtime wages for all hours worked;

19      c.      Failing to provide and maintain accurate records and itemized wage statements; and

20      d.      Failing to timely pay wages due during and upon separation of employment.

21      5.      Plaintiff brings this lawsuit seeking injunctive, restitution and monetary relief against

22  Defendants, and each of them, on behalf of Plaintiff individually and on behalf of all similarly-situated

23  employees to recover, among other things, unpaid wages and benefits, interest, penalties, liquidated

24  damages, attorney's fees and costs pursuant to California Labor Code §§ 201, 202, 203, 204, 210, 218.5,

25  218.6, 226(a), 226(h), 226.3, 226.7, 510, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198,

26  California Code of Civil Procedure 1021.5, and provisions of IWC Wage Order 4-2001.   Plaintiff

27  reserves the right to name additional representatives throughout the State of California.

28

2
COMPLAINT

## II.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff Rodriguez is and at times relevant was a resident of the County of San Diego, State of California and at relevant times was employed by Defendants in San Diego County, California.

7.      Defendant PetSmart, Inc. is a Delaware Corporation which conducts business in County of San Diego, California.

8.      Plaintiff is informed and believes, and thereon alleges, that at times relevant PetSmart, Inc. and Does 1 through 50 are the alter egos of each other and directly or indirectly, or through agents or other persons, employed Plaintiff and other similarly-situated employees, and exercised control over their wages, hours, and/or working conditions in California.  Plaintiff is informed and believes, and thereon alleges, that each Defendants directly or indirectly, or through agents or other persons, acted and/or ratified in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants in California.

9.      Plaintiff was, at times relevant, employed by Defendants at its San Diego location and was subject to various employment policies, procedures, and practices implemented by Defendants for all of its employees throughout the State of California.

10.     Defendants are and, at all relevant times, were authorized to and do conduct business in State of California and were employers of Plaintiff and similarly-situated employees and violated, or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 and 558.1.

11.     The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint setting forth the true names and capacities of these fictitious defendants when they are ascertained.  Plaintiff is informed and believes, and on that basis, alleges that each of the fictitious Defendants has participated in the acts alleged in this Complaint.

1    12.    Plaintiff is informed and believes that more than two-thirds of the members of the
2    proposed Class in the aggregate are citizens of California.

3    13.    Jurisdiction and venue are proper for San Diego County Superior Court because
4    Defendants maintain offices, transact business, and/or have an agent in San Diego County and some of
5    the acts and events complained of herein occurred in the judicial district of San Diego County and the
6    State of California.

7                                              **III.**

8                              **GENERAL ALLEGATIONS**

9    14.    Plaintiff has worked for PetSmart as a Pet Groomer in its Mission Valley, San Diego,
10   California location since approximately December 2016.  Prior to this date, Plaintiff worked as a Pet
11   Groomer for PetSmart in Colorado.

12   15.    During his employment, Plaintiff, and other similarly-situated were classified as non-
13   exempt employees. During at least a portion of the applicable class period, Plaintiff and other similarly-
14   situated employees were paid on a commission-only basis with a fallback rate of an hourly base rate if
15   they did not earn their commissions threshold.  This commission threshold was calculated based on a
16   percentage of total weekly sales completed by that Pet Groomer. If Pet Groomers reached their
17   commissions threshold (referred to as "commissioned-out," "commissioning-out," or "commission-
18   only"), Plaintiff and other similarly-situated employees were consequently not paid for the time spent
19   performing work that was not commission eligible ("non-productive time"), including the time spent
20   during rest periods. As a result, they were not properly provided with paid off-duty rest periods during
21   the time period in which they were paid by commission.

22   16.    As a result of the commission-only payment, Plaintiff and other similarly situated
23   current and former employees were therefore not paid at least minimum wage for all time during rest
24   periods because Plaintiff and other similarly-situated employees were only compensated for
25   commission-eligible working time during the periods in which they received compensation based purely
26   on commissions.  They did not receive compensation for non-productive time, including time spent
27   taking legally-required off-duty rest periods.

28

4
COMPLAINT

17.     During these periods of commission-only compensation when Plaintiff and similarly-situated current and former employees were not provided with paid rest breaks and worked at least eight hours in one workday, Plaintiff and similarly-situated current and former employees should have been compensated for additional overtime as the unpaid rest period time should have been counted as hours worked in one workday.  When Plaintiff and current and former employees worked more than 8 hours, this additional time should have been compensated as overtime.

18.     At all relevant times, Plaintiff and other similarly-situated employees of Defendants worked, on information and belief, under many policies, practices, and procedures relating to rest periods, wage statements, recordkeeping, and payment of wages applicable to Defendants' facilities.

19.     Plaintiff and other similarly-situated employees routinely worked more than 3.5 hours in one workday.

20.     Plaintiff and other similarly-situated employees routinely worked more than 8 hours in one workday, and more than 40 hours in one workweek.

21.     Plaintiff and other similarly-situated employees were eligible to earn, and did in-fact earn, non-discretionary bonuses and commissions.

22.     Defendants failed to authorize and permit paid duty free rest periods to Plaintiff and other employees. During the pay periods in which Plaintiff was compensated by commission only, Plaintiff was not provided paid duty-free rest periods.

23.     Defendants failed to properly authorize and permit paid rest periods to Plaintiff Rodriguez and on information and belief, to other similarly-situated employees who worked greater than 3.5 hours in a workday.

24.     Plaintiff Rodriguez and other similarly-situated non-exempt employees have not received the appropriate rest period premium wages as a result of Defendants not providing rest periods in compliance with California law.

25.     As a result of the practices described above, Defendants further failed to maintain accurate records reflecting all rates of pay and all hours worked.

26.     Defendants failed to provide Plaintiff and other similarly-situated employees with

wage statements accurately itemizing information required by Labor Code § 226(a) and Section 7 of the applicable Wage Order including, but not limited to, all hours worked, all rates paid, and all wages earned.

27.     Defendants failed to pay Plaintiff and other similarly-situated employees for all wages due and owing and by the times required by law in the time periods set forth by Labor Code § 204 and Section 4 of the applicable Wage Order in that Defendants failed to properly compensate said employees for all hours worked, and for rest premium wages.

28.     Defendants failed to pay Plaintiff and other similarly-situated employees all wages due and owing at the time of termination of employment as required by Labor Code §§ 201(a) and 202(a), as applicable, because Plaintiff and other similarly-situated employees were not properly compensated for all hours worked and for rest premium wages.  On information and belief, Defendants willingly withheld wages including, but not limited to, minimum wages, regular wages, overtime wages and rest premium wages.

29.     Defendants have engaged in unfair business practices in California and willingly and knowingly have practiced, employed, and utilized the employment patterns and practices alleged in this complaint in violation of Business & Professions Code §§ 17200, *et seq*.

## IV.

## CLASS ACTION DESIGNATION

30.     Plaintiff brings this class action pursuant to Code of Civil Procedure § 382 on behalf of all current and former similarly-situated employees. The Class that Plaintiff seeks to represent is defined as follows:

COMMISSION GROOMER CLASS

All non-exempt employees who worked for Defendants in the State of California since 4 years from the filing of the Complaint as Pet Groomers and who were paid on a commission-only payment structure during at least one work period. (the "Commission Groomer Class").

31.     As to Causes of Action One through Six, Plaintiff seeks to recover on behalf of the Class

1   all remedies available to the extent permitted by law including, but not limited to, wages, damages,

2   penalties, liquidated damages, interest, attorney's fees, costs, other monies due and owing and injunctive

3   relief.

4        32.     Causes of Action Action One through Six, are appropriately suited for a class action

5   under Code of Civil Procedure § 382 because:

6        a.     <u>Numerosity</u>: The potential Class as defined are significant in size because

7   Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants employed

8   over fifty similarly-situated current and former employees in the Class who were affected by the

9   unlawful employment practices alleged herein. Based on the potential class sizes, joinder of all

10   employees individually would be impractical.

11        b.     <u>Commonality</u>: This action involves common questions of law and fact particular

12   to each putative Class because the action focuses on Defendants' systematic course of illegal conduct

13   with respect to violating the Labor Codes and IWC Wage Orders and implementing company-wide

14   policies uniformly applied to all members of the putative Class.

15        c.     <u>Typicality</u>: Plaintiff's claims as alleged herein are typical of the claims of each

16   of the putative Class because Plaintiff was subjected to the same violations of his rights under California

17   law and seeks the same types of damages, restitution, and other relief on the same theories and legal

18   grounds as those of the members of the putative Class he seeks to represent.

19        d.     <u>Adequacy of Representation</u>: Plaintiff is able to fairly and adequately protect the

20   interests of all members of each of the putative Class because it is in their best interest to prosecute the

21   claims alleged herein to obtain full compensation due to them for all pay, benefits and other relief

22   afforded under the Labor Code and IWC Wage Orders. Plaintiff's interest is not in conflict with those

23   of the putative class members. Plaintiff's counsel are competent and experienced in litigating large

24   employment class actions including wage and hour cases such as this case.

25        e.     <u>Superiority of Class Action</u>: Class certification is appropriate because a class

26   action is superior to other available means for the fair and efficient adjudication of these claims. Each

27   putative class member has been damaged and is entitled to recovery by reason of Defendants' illegal

28

policies, and/or practices as alleged herein.  Class action treatment will allow those similarly-situated persons to litigate his/his claims in the manner that is most efficient and economical for the parties and the judicial system.

## V.
## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
(Violation of Labor Code §§ 226.7(a), 1198
and the "Rest Period" Section of the Applicable Wage Order)
(Alleged by Plaintiff Individually and On Behalf of the Commission Groomer Class)

33.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

34.     Plaintiff and the Commission Groomer Class Members are and/or were "non-exempt" employees of Defendants in California within the meaning of the Labor Code and the applicable Wage Order.

35.     Labor Code § 1198 makes the employment of any employee under conditions of labor prohibited by a Wage Order unlawful.

36.     By Order of the Industrial Welfare Commission, every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages as provided in the applicable IWC Wage Order.

37.     Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order, Defendants shall pay Plaintiff and the members of the Commission Groomer Class one additional hour of pay at the employees' regular rate of compensation for each day that the rest period is not authorized and permitted.

38.     Through Defendants' conduct during the applicable statutory period including the conduct alleged herein, Defendants violated Labor Code §§ 226.7 and 1198 and the IWC Wage Order when they failed to authorize and permit full paid 10-minute, uninterrupted, duty-free rest periods for every four hours worked (or major fraction thereof) to Plaintiff and the members of the Commission

1   Groomer Class during the time period each employee worked for Defendants.

2       39.      Defendants further have failed to pay to Plaintiff and members of the Commission

3   Groomer Class the rest period payments under Section 226.7. Defendants' omissions in failing to pay the

4   applicable wages set forth in Section 226.7 are not in good faith, and further, Defendants had no reasonable

5   grounds for believing the omissions are not in violation of the Labor Code relating an order of the

6   commission.

7       40.      At all material times, Defendants were and/or are Plaintiff and Commission Groomer

8   Class members' employers or persons acting on behalf of their employer, within the meaning of California

9   Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California

10  Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare

11  Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code

12  § 558 including the payment of the underpaid wages to affected employees.

13      41.      Pursuant to California Labor Code § 558.1, Defendants are sued collectively and

14  individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who

15  violated, or caused to be violated, any provision regulating minimum wages or hours and days of work

16  in the applicable order of the Industrial Welfare Commission,  as well as the California Labor Code

17  Sections 203, 226, 226.7, 1193.6, and 1194, and as such, are liable as an employer of Plaintiff for such

18  violations pursuant to California Labor Code § 558.1.

19      42.      As a direct result, Plaintiff and Commission Groomer Class members have suffered and

20  continue to suffer, substantial losses related to the use and enjoyment of such wages, including lost interest

21  on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their

22  obligation under state law, all to their respective damage in amounts according to proof at trial and within

23  the jurisdictional limitations of this Court.

24      43.      Pursuant to the Labor Code, Plaintiff seeks to recover in a civil action the unpaid balance

25  of the full amount of the unpaid wages including interest thereon, reasonable attorney's fees and costs of

26  suit to the fullest extent permissible including those permitted pursuant to Labor Code §§ 218.5, 218.6,

27  226.7, 558, 558.1, and Code of Civil Procedure § 1021.5.

28

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM AND REGULAR WAGES
(Violation of Labor Code §§ 1197, 1198 and the Applicable Wage Order)
(Alleged by Plaintiff Individually and On Behalf of the Commission Groomer Class)

44.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

45.     Plaintiff and members of the Commission Groomer Class are/were "non-exempt" employees of Defendants in the State of California within the meaning of the Labor Code and the applicable Wage Order.

46.     Labor Code § 1197 states "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

47.     Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

48.     IWC Wage Order 4-2001 § 4 provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

49.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants violated Labor Code §§ 1197, 1198 and the applicable Wage Order when they paid Plaintiff and Non-Exempt and the Commission Only Class members less than minimum wage through their failure to provide paid rest periods during periods in which Commission Groomer Class members were paid on a commission basis.

50.     Plaintiff and other similarly-situated employees are and/or were classified as "non-exempt" employees. Plaintiff and similarly-situated employees did not receive proper protections and benefits of the laws governing minimum wages. As set forth above, members of the class were not paid all minimum and regular wages for all hours worked.

10
COMPLAINT

51.     Labor Code § 1194 states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

52.     At all material times, Defendants were and/or are Plaintiff's and/or other similarly-situated employees' employers and/or persons acting on behalf of Defendants within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 including the payment of the underpaid wages to affected employees.

53.     Pursuant to California Labor Code § 558.1, are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision regulating minimum wages or hours and days of  work in the applicable order of the Industrial Welfare Commission,  as well as the California Labor Code Sections 203, 226, 226.7, 1193.6, and 1194, and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

54.     As a direct result of Defendants' violations alleged herein, Plaintiff and Commission Groomer Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

55.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendants' minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, penalties, and liquidated damages to the fullest extent permissible including those permitted pursuant to Labor Code §§ 558, 558.1, 1194 and 1194.2 and Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
(Violation of Labor Code §§ 510, 1198 and the Applicable Wage Order)
(Alleged by Plaintiff Individually and On Behalf of the Commission Groomer Class)

56.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

57.     Plaintiff and members of the Commission Groomer Class are/were "non-exempt" employees of Defendants in the State of California within the meaning of the Labor Code and the applicable Wage Order.

58.     Labor Code § 510 provides in pertinent part: "Eight hours of labor constitutes a day's work.  Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

59.     Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

60.     IWC Wage Order 4-2001§ 3 provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

61.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to pay Plaintiff and the Commission Groomer Class members all overtime wages for all overtime worked.

62.     Plaintiff and other similarly-situated employees are and/or were "non-exempt" employees. Plaintiff and similarly-situated employees did not receive proper protections and benefits of the laws governing overtime wages.

63.     At all material times, Defendants were and/or are Plaintiff's and/or other similarly-

1  situated employees' employers and/or persons acting on behalf of Defendants within the meaning of Labor

2  Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor

3  Code or any provision regulating hours and days of work in any Order of the Industrial Welfare

4  Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code

5  § 558 including the payment of the underpaid wages to affected employees.

6       64.     As a direct result of Defendants' violations alleged herein, Plaintiff and Commission

7  Groomer Class members have suffered and continue to suffer substantial losses related to the use and

8  enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in

9  seeking to compel Defendants to fully perform their obligation under state law, all to their respective

10 damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

11      65.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the

12 unpaid wages resulting from Defendants' overtime wage violations including interest thereon, reasonable

13 attorney's fees and costs of suit, and penalties, to the fullest extent permissible including those permitted

14 pursuant to Labor Code §§ 510, 558, 1194 and 1194.2 and Code of Civil Procedure §1021.5.

15      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

16                        **FOURTH CAUSE OF ACTION**
                **FAILURE TO PROVIDE AND MAINTAIN ACCURATE ITEMIZED WAGE**
17                                   **STATEMENTS**
                (Violation of Labor Code §§ 226(a), 1198 and the Applicable Wage Order)
18            (Alleged by Plaintiff Individually and On Behalf of the Commission Groomer Class
                                       Defendants)
19

20      66.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set

21 forth herein.

22      67.     Plaintiff and members of the Commission Groomer Class are employees of Defendants

23 within the meaning of the Labor Code and the applicable Wage Order.

24      68.     Labor Code § 226(a) states in pertinent part "Every employer shall, semimonthly or at

25 the time of each payment of wages, furnish each of his or his employees, either as a detachable part of the

26 check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal

27 check or cash, an accurate itemized statement in writing showing:

28

(1)    Gross wages earned;

(2)    Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

(3)    The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

(4)    All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5)    Net wages earned;

(6)    The inclusive dates of the period for which the employee is paid;

(7)    The name of the employee and only the last four digits of his or his social security number or an employee identification number other than the social security number;

(8)    The name and address of the legal entity that is the employer…;

(9)    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.... The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

69.    Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

70.    IWC Wage Order 4-2001§ 7(A) states in relevant part that the employer shall keep accurate information regarding "(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee; (5) Total hours worked in the payroll period and applicable rates of pay."

71.    IWC Wage Order 4-2001§ 7(B) states in relevant part that the employer shall

1   semimonthly or at the time of each payment of wages provide in itemized wage statement showing all
2   deductions.

3       72.     Through Defendants' conduct during the applicable statutory period including, but not
4   limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed
5   to provide accurate wage statements including, but not limited to, all deductions, recording of all time
6   worked, all wages earned, and the applicable rates of pay for time worked. For example, in addition to the
7   derivative violations suffered as a result of the other violations detailed above, Defendants also failed to
8   provide a wage statement that properly identified all applicable hourly rates in effect during the pay period
9   and the corresponding number of hours worked at each hourly rate.

10      73.     Plaintiff and members of the Commission Groomer Class suffered injuries as a result of
11  Defendants' intentional and knowing failure to provide to Plaintiff and Members of the Class and maintain
12  the writings required by Labor Code § 226(a) and the IWC Wage Orders. Defendants' failure to provide
13  and maintain accurate statements left Plaintiff and members of the Class without the ability to know,
14  understand and question the hours worked and wage earned and due. As a direct result, Plaintiff and
15  members of the Class have suffered and continue to suffer substantial injuries, losses and actual damages
16  related to Defendants' violations, including lost wages, lost interest on such wages, and expense and
17  attorney's fees in seeking to compel Defendants to fully perform their obligations.

18      74.     Labor Code § 226(e) states "An employee suffering injury as a result of a knowing and
19  intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all
20  actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred
21  dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate
22  penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's
23  fees." Labor Code §226(e)(2)(B) states "An employee is deemed to suffer injury for purposes of this
24  subdivision if the employer fails to provide accurate and complete information as required by any one or
25  more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily
26  determine from the wage statement alone one or more of the following: (i) The amount of gross wages or
27  net wages paid to the employee during the pay period or any other information required to be provided on
28

15
COMPLAINT

1 │ the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…"

2 │ Because Plaintiff's wage statement did not include, among other things, an accurate accounting of gross

3 │ wages earned or total hours worked they are deemed to have suffered injury.

4 │       75.      Labor Code § 226(h) states "An employee may also bring an action for injunctive relief

5 │ to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

6 │       76.      At all material times, Defendants were and/or are Plaintiff's and/or other similarly-

7 │ situated employees' employers and/or persons acting on behalf of Defendants within the meaning of Labor

8 │ Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor

9 │ Code or any provision regulating hours and days of work in any Order of the Industrial Welfare

10 │ Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code

11 │ § 558 including the payment of the underpaid wages to affected employees.

12 │       77.      Pursuant to California Labor Code § 558.1, Defendants are sued collectively and

13 │ individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who

14 │ violated, or caused to be violated, any provision regulating minimum wages or hours and days of work

15 │ in the applicable order of the Industrial Welfare Commission, as well as the California Labor Code

16 │ Sections 203, 226, 226.7, 1193.6, and 1194, and as such, are liable as an employer of Plaintiff for such

17 │ violations pursuant to California Labor Code § 558.1.

18 │       78.      As a direct result of Defendants' violations alleged herein, Plaintiff and members of the

19 │ Class have suffered and continue to suffer injury including substantial losses related to the use and

20 │ enjoyment of such wages, lost interest on such monies and expenses and attorney's fees in seeking to

21 │ compel Defendants to fully perform their obligation under state law, all to their respective damage in

22 │ amounts according to proof at trial and within the jurisdictional limitations of this Court.

23 │       79.      Plaintiff seeks to recover in a civil action all remedies including damages, unpaid wages,

24 │ penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those

25 │ permitted pursuant to Labor Code §§ 226(e) and (h), 558, 558.1, and Code of Civil Procedure § 1021.5.

26 │       WHEREFORE, Plaintiff prays for relief as hereinafter requested.

27 │ ///

28 │

EXHIBIT A - PAGE 30

**FIFTH CAUSE OF ACTION**
**FAILURE TO TIMELY PAY WAGES DUE UPON SEPARATION OF**
**EMPLOYMENT**
(Violation of Labor Code §§ 201(a) and 202(a))
(Alleged by Plaintiff Individually and On Behalf of the
Commission Groomer Class)

80.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

81.     Plaintiff and members of the Commission Groomer Class are/were "non-exempt" employees of Defendants within the meaning of the Labor Code and the applicable Wage Order.

82.     Labor Code § 201(a) states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

83.     Labor Code § 202(a) states "If an employee not having a written contract for a definite period quits his or his employment, his or his wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or his intention to quit, in which case the employee is entitled to his or his wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or he so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

84.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants willfully failed to provide Plaintiff and members of the Commission Groomer Class with all wages due and owing, including minimum wages, overtime wages, regular wages, meal premiums, rest premiums, and vested vacation wages by the time specified by Labor Code §§ 201(a) and 202(a), as applicable.

85.     Labor Code § 203(a) states, in relevant part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the

1   wages shall not continue for more than 30 days."

2       86.    As a direct result of Defendants' violations alleged herein, Plaintiff and Commission

3   Groomer Class members have suffered and continue to suffer substantial losses related to the use and

4   enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in

5   seeking to compel Defendants to fully perform their obligation under state law, all to their respective

6   damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

7       87.    Pursuant to California Labor Code § 558.1, Defendants are sued collectively and

8   individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who

9   violated, or caused to be violated, any provision regulating minimum wages or hours and days of work

10  in the applicable order of the Industrial Welfare Commission,  as well as the California Labor Code

11  Sections 203, 226, 226.7, 1193.6, and 1194, and as such, are liable as an employer of Plaintiff for such

12  violations pursuant to California Labor Code § 558.1.

13      88.    Plaintiff seeks to recover in a civil action all remedies including damages, unpaid

14  wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible

15  including those permitted pursuant to Labor Code §558.1 and Code of Civil Procedure § 1021

16      89.    Plaintiff seeks to recover in a civil action all remedies to the fullest extent permissible

17  including those permitted pursuant to Labor Code § 203.

18      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

19  **SIXTH CAUSE OF ACTION**
    **VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***

20  (Alleged by Plaintiff Individually and On Behalf of
    the Commission Groomer Class Against Defendants)

21

22      90.    Plaintiff realleges and incorporates by reference the foregoing allegations, as though set

23  forth herein.

24      91.    Business & Professions Code § 17200 states "As used in this chapter, unfair competition

25  shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive,

26  untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500)

27  of Part 3 of Division 7 of the Business and Professions Code."

28

EXHIBIT A - PAGE 32

92.   Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants have engaged in business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the Industrial Welfare Commission Wage Orders.  Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides as unfair advantage over Defendants' competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

93.   Defendants' violations of the Labor Code and the Industrial Welfare Commission Wage Orders and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiff and the Class.  The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) pay minimum, overtime, regular, and rest period premiums; (ii) provide and maintain adequate wage statements; (iii) pay timely wages during and upon separation of employment; (iv) provide rest periods; and (v) maintain accurate records.

94.   Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code §§ 17200, *et seq*., including those set forth in the preceding paragraph, thereby depriving Plaintiff the minimum working condition standards and conditions due, including those under California Labor Code and Wage Order of the Industrial Welfare Commission.

95.   As a result of Defendants' unfair competition as alleged herein, Plaintiff has suffered injury in fact and lost money or property. Plaintiff has been deprived of the rights to wages and benefits due as alleged herein.

96.   Pursuant to California Business & Professions Code § 17203, Plaintiff is entitled to seeks restitution of all wages and other monies owed on behalf of himself and the represented employees belonging to them, including interest thereon, which Defendants wrongfully withheld from them and

1   retained for himself by means of their unlawful and unfair business practices.

2        97.    Plaintiff is entitled to an injunction and other declaratory and equitable relief against

3   such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a

4   multiplicity of lawsuits.

5        98.    Plaintiff is informed and believes, and on that basis alleges, that the illegal conduct

6   alleged herein is continuing and there is no indication that Defendants will not continue such activity into

7   the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint,

8   they will continue to fail to pay the wage and compensation required to be paid and will fail to comply

9   with other requirements of the California Labor Code and Wage Order of the Industrial Welfare

10  Commission.

11       99.    As a direct and proximate result of Defendants' conduct, Defendants have received and

12  will continue to receive monies that rightfully belong to members of the general public who have been

13  adversely affected by Defendants' conduct, as well as to Plaintiff by virtue of unpaid wages and other

14  monies.

15       100.   Plaintiff is entitled and seeks any and all available remedies including restitution and

16  recovery of reasonable attorneys' fees pursuant to California Code of Civil Procedure §1021.5, Business

17  and Professions Code § 17200, *et seq*., the substantial benefit doctrine, and/or the common fund doctrine.

18       WHEREFORE, Plaintiff prays for relief as hereinafter requested.

19

20                    **PRAYER FOR RELIEF**

21       WHEREFORE, Plaintiff prays for damages for judgment against Defendants, jointly and

22  severally, as applicable, as follows:

23       a.    For injunctive relief as provided by the Labor Code to the extent permitted by law

24             including, but not limited to, pursuant to § 226(h), and Business and Professions Code

25             §17200, *et seq*.;

26       b.    For restitution as provided by Business and Professions Code §§ 17200, *et seq*.;

27       c.    For an order requiring Defendants to restore and disgorge all funds to each affected

28

---

20

COMPLAINT

person acquired by means of any act or practice declare by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

d. For an award of unpaid wages, including regular wages, minimum and overtime wages, rest premium wages, to the extent permissible by law to each affected person;

e. For penalties to the extent permitted pursuant to the Labor Code, Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code § 203 penalties under Labor Code § 226(e);

f. For an award of actual damages to the extent permissible by the Labor Code including Labor Code § 226(e);

g. For an award of liquidated damages to the extent permissible by Labor Code §1194.2;

h. For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

i. For reasonable attorney's fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code §§ 218.5, 226, 558, 558.1, 1194, and Code of Civil Procedure § 1021.5; and

j. An award of such other and further relief as this Court deems proper and just.

Dated: March 27, 2017                           SHORTLEGAL, APC

By: _____
BRIAN R. SHORT
KRISTINA DE LA ROSA
Attorneys for Plaintiff Andrew Rodriguez

///
///
///
///

21
COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands trial by jury to the extent authorized by law.

3

4   Dated: March 27, 2017                              SHORTLEGAL, APC

5

6                                                  By: _____

7                                                      BRIAN R. SHORT
                                                       KRISTINA DE LA ROSA
8                                                      Attorneys for Plaintiff Andrew Rodriguez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28