Brian R. Short (SBN 236140)
Kristina De La Rosa (SBN 279821)
SHORTLEGAL, APC
350 10th Ave., Suite 1000
San Diego, California 92101
Telephone: 619.272.0720
Facsimile: 619.839.3129
Email: Brian@shortlegal.com
Email: Kristina@shortlegal.com

COHELAN KHOURY & SINGER
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200 San Diego, California 92101
Telephone: (619) 595-3001
Facsimile: (619)595-3000

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| ANDREW RODRIGUEZ, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiff(s),<br><br>v.<br><br>PETSMART, INC. and DOES 1 through 50, inclusive, | Case No. 17-CV-1037-MMA-JLB<br><br>**FIRST AMENDED COMPLAINT**<br>**1.** **Failure to Provide Paid Rest Periods or Compensation in Lieu of (Lab. Code § 226.7)**<br>**2.** **Failure to Pay Minimum and Regular Wages (Lab. Code § 1194 and 1197)**<br>**3.** **Failure to Pay Overtime Wages (Lab. Code § 510 and 1194)** |

Defendants.

4. **Knowing and Intentional Failure to Provide Itemized Wage Statements (Lab. Code, §§ 226 (a), (b))**

5. **Failure to Pay Wages at Termination (Lab. Code, §§ 201-203)**

6. **Unfair Business Practices (Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.)**

7. **Civil Penalties under the Private Attorneys General Act for Failure to Provide Paid Rest Periods or Compensation in lieu thereof (Lab. Code § 226.7(b) and IWC Wage Order 4-2001, § 12)**

8. **Civil Penalties under the Private Attorneys General Act for Failure to Pay Minimum Wages (Lab. Code §§ 1194-1194.2, 2699(f)(2), and Industrial Welfare Commission ("IWC") Wage Order 4-2001 § 4)**

9. **Civil Penalties under the Private Attorneys General Act for Failure to Pay Overtime Wages (Lab. Code §§ 1194-1194.2, 2699(f)(2), and Industrial Welfare Commission ("IWC") Wage Order 4-2001 § 4)**

10. **Civil Penalties under the Private Attorneys General Act for Failure to Provide Itemized Wage Statements (Lab. Code § 226.3)**

11. **Civil Penalties under the Private Attorneys General Act for Failure to Wages due during employment (Labor Code § 204)**

12. **Civil Penalties under the Private Attorneys General Act for Failure to Wages Upon Termination Of Employment (Labor Code § 201-203)**

DEMAND FOR JURY TRIAL

- 2 -

Plaintiff Andrew Rodriguez individually and on behalf of himself and all other similarly-situated and aggrieved current and former employees alleges as follows:

## I.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiff Andrew Rodriguez (hereinafter "Rodriguez") brings this individual, class action, and representative suit against Defendant PetSmart, Inc. (hereinafter "PetSmart"), and DOES 1 through 50, inclusive (collectively referred to as "Defendants"), on behalf of himself and all other current and former similarly-situated and aggrieved employees for engaging in a systemic pattern of wage and hour violations under California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.

2.     PetSmart, Inc. is a retail corporation providing services and solutions for the lifetime needs of pets throughout the state of California.

3.     Rodriguez, at times relevant, was employed by Defendants as a Pet Groomer.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants decreased their employment-related costs at their facilities in order to increase their level of productivity and profits by systematically violating both state wage and hour laws and IWC Wage Orders including, but not limited to:

a.     Failing to properly provide paid off-duty rest periods;

b.     Failing to pay for minimum, regular and overtime wages for all

hours worked;

c. Failing to provide and maintain accurate records and itemized wage statements; and

d. Failing to timely pay wages due during and upon separation of employment.

5. Plaintiff brings this lawsuit seeking injunctive, restitution and monetary relief against Defendants, and each of them, on behalf of Plaintiff individually and on behalf of all similarly-situated and aggrieved employees to recover, among other things, unpaid wages and benefits, interest, penalties, liquidated damages, attorney's fees and costs pursuant to California Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 226(a), 226(h), 226.3, 226.7, 510, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2699 *et seq*., California Code of Civil Procedure 1021.5, and provisions of IWC Wage Order 4-2001. Plaintiff reserves the right to name additional representatives throughout the State of California.

## II.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff Rodriguez is and at times relevant was a resident of the County of San Diego, State of California and at relevant times was employed by Defendants in San Diego County, California.

7. Defendant PetSmart, Inc. is a Delaware Corporation which conducts business in County of San Diego, California.

8. Plaintiff is informed and believes, and thereon alleges, that at times relevant PetSmart, Inc. and Does 1 through 50 are the alter egos of each other and directly or indirectly, or through agents or other persons, employed Plaintiff and other similarly-situated and aggrieved employees, and exercised control over their wages, hours, and/or working conditions in California.

Plaintiff is informed and believes, and thereon alleges, that each Defendants directly or indirectly, or through agents or other persons, acted and/or ratified in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants in California.

9.     Plaintiff was, at times relevant, employed by Defendants at its San Diego location and was subject to various employment policies, procedures, and practices implemented by Defendants for all of its employees throughout the State of California.

10.     Plaintiff is an "aggrieved employee" within the meaning of Labor Code § 2699(c) because he was employed by Defendants and suffered one or more of the violations committed by Defendants.

11.     Defendants are and, at all relevant times, were authorized to and do conduct business in State of California and were employers of Plaintiff and similarly-situated and aggrieved employees and violated, or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 and 558.1.

12.     The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff.  Plaintiff will amend this Complaint setting forth the true names and capacities of these fictitious defendants when they are ascertained.  Plaintiff is informed and believes, and on that basis, alleges that each of the fictitious Defendants has participated in the acts alleged in this Complaint.

13.     Jurisdiction and venue are proper for San Diego County Superior

Court because Defendants maintain offices, transact business, and/or have an agent in San Diego County and some of the acts and events complained of herein occurred in the judicial district of San Diego County and the State of California.

## III.

## GENERAL ALLEGATIONS

14.     Plaintiff has worked for PetSmart as a Pet Groomer in its Mission Valley, San Diego, California location since approximately December 2016. Prior to this date, Plaintiff worked as a Pet Groomer for PetSmart in Colorado.

15.     During his employment, Plaintiff, and other similarly-situated and aggrieved employees, were classified as non-exempt employees.

16.     During at least a portion of the applicable class period, Plaintiff and other similarly-situated and aggrieved employees were paid under what Plaintiff alleges to be a non-compliant piece-rate or commission system. When Plaintiff initially transferred to California from another state, he was paid based on a straight commission /piece rate per hours worked pay plan, thereby depriving him of at least minimum wages for all hours worked and paid duty-free rest periods. Upon information and belief, other similar situated Pet Groomers class were paid in a similar manner.

17.     PetSmart paid Groomers on what it termed a commission-only basis with a fall-back rate of an hourly base rate if they did not earn their commissions threshold.  This commission threshold was based on a percentage of total weekly sales. If Pet Groomers reached their commissions threshold (referred to as "commissioned-out," "commissioning-out," or "commission-only"), Plaintiff and other similarly-situated and aggrieved employees were consequently not paid for the time spent performing work that was not commission eligible ("non-productive time"), including the time spent during rest periods. As a result, they were not properly provided with paid off-duty rest periods during the time

period in which they were paid by piece rate or commission.

18. As a result of the piece rate or commission-only payment, Plaintiff and other similarly situated current and former employees were therefore not paid at least minimum wage for all time during rest periods because Plaintiff and other similarly-situated and aggrieved employees were only compensated for piece rate or commission-eligible working time during the periods in which they received compensation based purely on piece rate pay or commissions. They did not receive compensation for time spent taking legally-required off-duty rest periods.

19. During these periods of piece rate or commission-only compensation when Plaintiff and similarly-situated current and former employees were not provided with paid rest breaks and worked at least eight hours in one workday, Plaintiff and similarly-situated current and former employees should have been compensated for additional overtime as the unpaid rest period time should have been counted as hours worked in one work-day. When Plaintiff and current and former employees worked more than 8 hours, this additional time should have been compensated as overtime.

20. During at least a portion of the applicable class period, Plaintiff and other similarly-situated and aggrieved employees were paid on a direct piece rate or commission basis which was calculated based on a proportionate value of the sales of the pet grooming services sold. During the initial period of each employee's employment, they were paid based on a calculation of services sold divided by hours worked during that workweek. After the initial workweeks, Defendant began to calculate compensation for Plaintiff and other employees based on a percentage of services sold over a period of workweeks divided by hours worked during those workweeks. This rate would then be used for future pay periods as a purported "hourly rate." As a result of this payment structure,

Defendant did not pay at least minimum wage for all hours worked during non-productive time, nor did it pay wages for rest periods.

21.     At all relevant times, Plaintiff and other similarly-situated and aggrieved employees of Defendants worked, on information and belief, under many policies, practices, and procedures relating to rest periods, wage statements, recordkeeping, and payment of wages applicable to Defendants' facilities.

22.     Plaintiff and other similarly-situated and aggrieved employees routinely worked more than 3.5 hours in one workday.

23.     Plaintiff and other similarly-situated and aggrieved employees routinely worked more than 8 hours in one workday, and more than 40 hours in one workweek.

24.     Plaintiff and other similarly-situated and aggrieved employees were eligible to earn, and did in-fact earn, non-discretionary bonuses and commissions.

25.     Defendants failed to authorize and permit paid duty-free rest periods to Plaintiff and other similarly aggrieved employees. During the time in which Plaintiff was compensated by piece rate or commission only, Plaintiff was not provided paid duty-free rest periods.

26.     Defendants failed to properly authorize and permit paid rest periods to Plaintiff Rodriguez and on information and belief, to other similarly-situated and aggrieved employees who worked greater than 3.5 hours in a workday.

27.     Plaintiff Rodriguez and other similarly-situated and aggrieved non-exempt employees have not received the appropriate rest period premium wages as a result of Defendants not providing rest periods in compliance with California law.

28.     As a result of the practices described above, Defendants further

failed to maintain accurate records reflecting all rates of pay and all hours worked.

29.     Defendants failed to provide Plaintiff and other similarly-situated and aggrieved employees with wage statements accurately itemizing information required by Labor Code § 226(a) and Section 7 of the applicable Wage Order including, but not limited to, all hours worked, all rates paid, and all wages earned.

30.     Compensation paid to the Pet Groomer Class constituted commission compensation because, pursuant to Labor Code Section 204.1, it was "compensation paid to any person for services rendered in the sale of such employer's property or services and based proportionately upon the amount or value thereof." In the alternative, compensation paid to the Pet Groomer Class constituted piece rate pay, in that the hourly "rate" is calculated on the basis of sales activity averaged over time and divided by hours worked, and not solely on the basis of time worked.

31.     Defendants did not provide to Plaintiff and other employees the commissions or piece rate contract in writing and failed to set forth the method by which the commissions or piece rate compensation shall be computed and paid. Moreover, Defendants failed to give Plaintiff and similarly-situated employees a signed copy of the contract or obtain a signed receipt from each employee.

32.     Defendants failed to pay Plaintiff and other similarly-situated and aggrieved employees for all wages due and owing and by the times required by law in the time periods set forth by Labor Code § 204 and Section 4 of the applicable Wage Order in that Defendants failed to properly compensate said employees for all hours worked, and for rest premium wages.

33.     Defendants failed to pay Plaintiff and other similarly-situated and

aggrieved employees all wages due and owing at the time of termination of employment as required by Labor Code §§ 201(a) and 202(a), as applicable, because Plaintiff and other similarly-situated and aggrieved employees were not properly compensated for all hours worked and for rest premium wages. On information and belief, Defendants willingly withheld wages including, but not limited to, minimum wages, regular wages, overtime wages and rest premium wages.

34. Defendants have engaged in unfair business practices in California and willingly and knowingly have practiced, employed, and utilized the employment patterns and practices alleged in this complaint in violation of Business & Professions Code §§ 17200, *et seq*.

**IV.**

**CLASS ACTION DESIGNATION**

35. Plaintiff brings this class action pursuant to Code of Civil Procedure § 382 on behalf of all current and former similarly-situated employees. The Class that Plaintiff seeks to represent is defined as follows:

PET GROOMER CLASS

All non-exempt employees who worked for Defendants in the State of California beginning four years prior to the filing of the Complaint through the date of trial as Pet Groomers (also known as "stylists") and who were paid on a payment structure which was calculated based on calculation of services sold divided by hours worked during at least one work period or paid solely on the basis of services sold. (the "Pet Groomer Class").

36. As to Causes of Action One through Six, Plaintiff seeks to recover on behalf of the Class all remedies available to the extent permitted by law including, but not limited to, wages, damages, statutory penalties, liquidated damages, interest, attorney's fees, costs, other monies due and owing, and injunctive relief.

37.    Causes of Action One through Six, are appropriately suited for a class action under Rule 23 because:

a.    <u>Numerosity</u>:  The potential Class members as defined are significant in size because Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants employed over fifty similarly-situated current and former employees in the Class who were affected by the unlawful employment practices alleged herein.  Based on the potential class sizes, joinder of all employees individually would be impractical.

b.    <u>Commonality</u>:  This action involves common questions of law and fact particular to each putative Class because the action focuses on Defendants' systematic course of illegal conduct with respect to violating the Labor Codes and IWC Wage Orders and implementing company-wide policies uniformly applied to all members of the putative Class, in particular the implementation of a uniform piece rate or commission pay plan that Plaintiff challenges as objectively non-compliant with California law.

c.    <u>Typicality</u>:  Plaintiff's claims as alleged herein are typical of the claims of each of the putative Class because Plaintiff was subjected to the same violations of his rights under California law and seeks the same types of damages, restitution, and other relief on the same theories and legal grounds as those of the members of the putative Class he seeks to represent.

d.    <u>Adequacy of Representation</u>:  Plaintiff is able to fairly and adequately protect the interests of all members of each of the putative Class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation due to them for all pay, benefits and other relief afforded under the Labor Code and IWC Wage Orders.  Plaintiff's interest is not in conflict with those of the putative class members.  Plaintiff's counsel are competent and experienced in litigating large employment class actions, including wage and

hour cases such as this case.

       e.    <u>Superiority of Class Action</u>:  Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of these claims.  Each putative class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies, and/or practices as alleged herein.  Class action treatment will allow those similarly-situated persons to litigate his/his claims in the manner that is most efficient and economical for the parties and the judicial system.

**V.**

**PRIVATE ATTORNEYS GENERAL ACT OF 2004 DESIGNATION**

    38.    The Causes of Action alleged herein seeking civil penalties are appropriately suited for a Labor Code Private Attorneys General Act of 2004 (hereinafter referred to as "PAGA") representative action because:

       a.      This action involves allegations of violations of provisions of the California Labor Code that either do not provide for a civil penalty or provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (hereinafter referred to as "LWDA") or any departments, divisions, commissions, boards, agencies or employees;

       b.    Plaintiff Rodriguez is an "aggrieved employee" because he was employed by the alleged violators and had one or more of the alleged violations committed against his and, therefore, is properly suited to represent the interests of all other current and former employees of Defendants;

       c.    Plaintiff Rodriguez seeks to recover all applicable penalties under PAGA on behalf of himself and all other aggrieved employees including, but not limited to, an amount sufficient to recover underpaid wages including all unpaid and/or underpaid wages pursuant to Labor Code § 558, *Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1089, and *Thurman v. Bayshore Transit*

*Management, Inc*. (2012) 203 Cal.App.4th 1112;

        d.      Pursuant to Labor Code § 2698, *et seq*., Plaintiff Rodriguez has complied with his notice requirements by serving via certified mail, return receipt requested, the LWDA and PETSMART a notice with his claims for wage and hour violations and penalties. The statutory waiting period expired, and the LWDA did not serve Plaintiff Rodriguez with a notice of intent to assume jurisdiction over the applicable penalty claims. Therefore, Plaintiff Rodriguez has satisfied and exhausted the procedural notice requirement to pursue penalties against Defendants pursuant to Labor Code § 2699, et seq. Pursuant to Labor Code § 2698, *et seq*.

**VI.**
**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE PAID REST PERIODS**
(Violation of Labor Code §§ 226.7()
and the "Rest Period" Section of the Applicable Wage Order)
(Alleged by Plaintiff Individually and On Behalf of the Pet Groomer Class)

      39.    Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

      40.    Plaintiff Rodriguez and the Pet Groomer Class Members are and/or were "non-exempt" employees of Defendants in California within the meaning of the Labor Code and the applicable Wage Order.

      41.    Labor Code § 1198 makes the employment of any employee under conditions of labor prohibited by a Wage Order unlawful.

      42.    By Order of the Industrial Welfare Commission, every employer shall authorize and permit all employees to take paid rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours or major fraction thereof. Authorized rest period time shall

be counted, as hours worked, for which there shall be no deduction from wages as provided in the applicable IWC Wage Order.

43.  Pursuant to Labor Code § 226.7(b) and the applicable IWC Wage Order, Defendants must pay Plaintiff and the members of the Pet Groomer Class one additional hour of pay at the employees' regular rate of compensation for each day that a rest period is not authorized and permitted.

44.  Through Defendants' conduct during the applicable statutory period including the conduct alleged herein, Defendants violated Labor Code §§ 226.7 and 1198 and the IWC Wage Order when they failed to authorize and permit full paid 10-minute, uninterrupted, duty-free rest periods for every four hours worked (or major fraction thereof) to Plaintiff Rodriguez and the members of the Pet Groomer Class during the time period each employee worked for Defendants.

45.  Defendants further have failed to pay to Plaintiff Rodriguez and members of the Pet Groomer Class the rest period payments under Section 226.7. Defendants' omissions in failing to pay the applicable wages set forth in Section 226.7 are not in good faith, and further, Defendants had no reasonable grounds for believing the omissions are not in violation of the Labor Code relating an order of the commission.

46.  At all material times, Defendants were and/or are Plaintiff Rodriguez and Pet Groomer Class members' employers or persons acting on behalf of their employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558 including the payment of the underpaid rest period premium wages to affected employees.

47.  Pursuant to California Labor Code § 558.1, Defendants are sued

collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision regulating minimum wages or hours and days of work in the applicable order of the Industrial Welfare Commission, as well as the California Labor Code Sections 203, 226, 226.7, 1193.6, and 1194 , and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

48.     As a direct result, Plaintiff Rodriguez and Pet Groomer Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, including lost interest on such monies all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

49.     Pursuant to the Labor Code, Plaintiff Rodriguez seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages including interest thereon, reasonable attorney's fees and costs of suit to the fullest extent permissible including those permitted pursuant to Labor Code §§ 218.6, 226.7, 558, 558.1, and Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM AND REGULAR WAGES
(Violation of Labor Code §§ 1197, 1198, and the Applicable Wage Order)
(Alleged by Plaintiff Individually and Pet Groomer Class)

50.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

51.     Plaintiff and members of the Pet Groomer Class are/were "non-exempt" employees of Defendants in the State of California within the meaning of the Labor Code and the applicable Wage Order.

52.     Labor Code § 1197 states "The minimum wage for employees fixed

by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

53.     Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

54.     IWC Wage Order 4-2001, § 4 provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

55.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants violated Labor Code §§ 1197, 1198 and the applicable Wage Order when they paid Plaintiff and Non-Exempt and the Pet Groomer Class members less than minimum wage through their failure to provide paid rest periods during periods in which Pet Groomer Class members were paid on a piece rate or commission basis.

56.     Plaintiff Rodriguez and other similarly-situated employees are and/or were classified as "non-exempt" employees. Plaintiff and similarly-situated employees did not receive proper protections and benefits of the laws governing minimum wages. As set forth above, members of the class were not paid all minimum and regular wages for all hours worked.

57.     Labor Code § 1194 states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

58.     At all material times, Defendants were and/or are Plaintiff's and/or other similarly-situated employees' employers and/or persons acting on behalf of Defendants within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 including the payment of the underpaid wages to affected employees.

59.     Pursuant to California Labor Code § 558.1, are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision regulating minimum wages or hours and days of work in the applicable order of the Industrial Welfare Commission, as well as the California Labor Code Sections 203, 226, 226.7, 1193.6, and 1194 and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

60.     As a direct result of Defendants' violations alleged herein, Plaintiff and Pet Groomer Class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

61.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendants' minimum wage violations including interest thereon, reasonable attorney's fees and costs of suit, penalties, and liquidated damages to the fullest extent permissible including those permitted pursuant to Labor Code §§ 558, 558.1, 1194 and 1194.2 and Code of

Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
(Violation of Labor Code §§ 510, 1198. and the Applicable Wage Order)
(Alleged by Plaintiff Individually and On Behalf of the Pet Groomer Class)

62.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

63.     Plaintiff and members of the Pet Groomer Class are/were "non-exempt" employees of Defendants in the State of California within the meaning of the Labor Code and the applicable Wage Order.

64.     Labor Code § 510 provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

65.     Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

66.     IWC Wage Order 4-2001§ 3 provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

FIRST AMENDED COMPLAINT

67.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to pay Plaintiff and the Pet Groomer Class members all overtime wages for all overtime worked.

68.     Plaintiff Rodriguez and other similarly-situated employees are and/or were "non-exempt" employees. Plaintiff Rodriguez and similarly-situated employees did not receive proper protections and benefits of the laws governing overtime wages.

69.     At all material times, Defendants were and/or are Plaintiff's and/or other similarly-situated and aggrieved employees' employers and/or persons acting on behalf of Defendants within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1, of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558 including the payment of the underpaid wages to affected employees.

70.     As a direct result of Defendants' violations alleged herein, Plaintiff and Pet Groomer Class members have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

71.     Plaintiff seeks to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendants' overtime wage violations including interest thereon, reasonable attorney's fees and costs of suit, and penalties, to the fullest extent permissible including those permitted pursuant

to Labor Code §§ 510, 558, 1194 and 1194.2 and Code of Civil Procedure §1021.5.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE AND MAINTAIN ACCURATE ITEMIZED WAGE STATEMENTS
(Violation of Labor Code §§ 226(a), 1198, and the Applicable Wage Order)
(Alleged by Plaintiff Individually and On Behalf of the Pet Groomer Class Defendants)

72.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

73.     Plaintiff and members of the Pet Groomer Class are employees of Defendants within the meaning of the Labor Code and the applicable Wage Order.

74.     Labor Code § 226(a) states in pertinent part "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or his employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1)     Gross wages earned;

(2)     Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

(3)     The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

(4)     All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5)     Net wages earned;

(6)     The inclusive dates of the period for which the employee is paid;

(7)     The name of the employee and only the last four digits of his or his social security number or an employee identification number other than the social security number;

(8)     The name and address of the legal entity that is the employer…;

(9)     All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.... The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

75.     Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

76.     IWC Wage Order 4-2001§ 7(A) states in relevant part that the employer shall keep accurate information regarding "(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee; (5) Total hours worked in the payroll period and applicable rates of pay."

77.     IWC Wage Order 4-2001§ 7(B) states in relevant part that the employer shall semimonthly or at the time of each payment of wages provide in itemized wage statement showing all deductions.

78.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to provide accurate wage statements

including, but not limited to, all deductions, recording of all time worked, all wages earned, and the applicable rates of pay for time worked. For example, in addition to the derivative violations suffered as a result of the other violations detailed above, Defendants also failed to provide a wage statement that properly identified all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

79. Plaintiff and members of the Pet Groomer Class suffered injuries as a result of Defendants' intentional and knowing failure to provide to Plaintiff and Members of the Class and maintain the writings required by Labor Code § 226(a) and the IWC Wage Orders. Defendants' failure to provide and maintain accurate statements left Plaintiff and members of the Class without the ability to know, understand and question the hours worked and wage earned and due. As a direct result, Plaintiff and members of the Class have suffered and continue to suffer substantial injuries, losses and actual damages related to Defendants' violations, including lost wages, lost interest on such wages, and expense and attorney's fees in seeking to compel Defendants to fully perform their obligations.

80. Labor Code § 226(e) states "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Labor Code §226(e)(2)(B) states "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more

of the following: (i) The amount of gross wages or net wages paid to the employee during the pay period or any other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…" Because Plaintiff's wage statement did not include, among other things, an accurate accounting of gross wages earned or total hours worked they are deemed to have suffered injury.

81.     Labor Code § 226(h) states "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

82.      Pursuant to California Labor Code § 558.1, Defendants are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision regulating minimum wages or hours and days of  work in the applicable order of the Industrial Welfare Commission, as well as the California Labor Code Sections 203, 226, 226.7, 1193.6, and 1194, and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

83.     As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Class have suffered and continue to suffer injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

84.     Plaintiff seeks to recover in a civil action all remedies including damages, unpaid wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those permitted pursuant to Labor Code §§

226(e) and (h), 558.1, and Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### FIFTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT
(Violation of Labor Code §§ 201(a), 202(a) and (203)
(Alleged by Plaintiff Individually and On Behalf of the
Pet Groomer Class)

85.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

86.     Plaintiff and members of the Pet Groomer Class are/were "non-exempt" employees of Defendants within the meaning of the Labor Code and the applicable Wage Order.

87.     Labor Code § 201(a) states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

88.     Labor Code § 202(a) states "If an employee not having a written contract for a definite period quits his or his employment, his or his wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or his intention to quit, in which case the employee is entitled to his or his wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or he so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

89.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants willfully failed to provide Plaintiff and

members of the Pet Groomer Class with all wages due and owing, including minimum wages, overtime wages, regular wages, and rest premiums by the time specified by Labor Code §§ 201(a) and 202(a), as applicable.

90. Labor Code § 203(a) states, in relevant part, "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

91. As a direct result of Defendants' violations alleged herein, Plaintiff and Pet Groomer Class members have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

92. Pursuant to California Labor Code § 558.1, Defendants are sued collectively and individually as employers of Plaintiff, and/or a person acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision regulating minimum wages or hours and days of work in the applicable order of the Industrial Welfare Commission, as well as the California Labor Code Sections 203, 226, 226.7, 1193.6, and 1194, and as such, are liable as an employer of Plaintiff for such violations pursuant to California Labor Code § 558.1.

93. Plaintiff seeks to recover in a civil action all remedies including damages, unpaid wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those permitted pursuant to Labor Code

§203, 558.1 and Code of Civil Procedure § 1021.5.

94.     Plaintiff seeks to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Labor Code § 203.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200,**
***ET SEQ.***
(Alleged by Plaintiff Individually and On Behalf of
the Pet Groomer Class Against Defendants)

95.     Plaintiff realleges and incorporates by reference the foregoing allegations, as though set forth herein.

96.     Business & Professions Code § 17200 states "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

97.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants have engaged in business practices in California by practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the Industrial Welfare Commission Wage Orders. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides as unfair advantage over Defendants' competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

98.     Defendants' violations of the Labor Code and the Industrial

Welfare Commission Wage Orders and their scheme to lower payroll costs as alleged herein constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiff and the Class. The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) pay minimum, overtime, regular, and rest period premiums; (ii) provide and maintain adequate wage statements; (iii) pay timely wages during and upon separation of employment; (iv) provide rest periods; and (v) maintain accurate records.

99. Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by California Business and Professions Code §§ 17200, *et seq*., including those set forth in the preceding paragraph, thereby depriving Plaintiff the minimum working condition standards and conditions due, including those under California Labor Code and Wage Order of the Industrial Welfare Commission.

100. As a result of Defendants' unfair competition as alleged herein, Plaintiff has suffered injury in fact and lost money or property. Plaintiff has been deprived of the rights to wages and benefits due as alleged herein.

101. Pursuant to California Business & Professions Code § 17203, Plaintiff is entitled to seeks restitution of all wages and other monies owed on behalf of himself and the represented employees belonging to them, including interest thereon, which Defendants wrongfully withheld from them and retained for himself by means of their unlawful and unfair business practices.

102. Plaintiff is entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

103.   Plaintiff is informed and believes, and on that basis, alleges, that the illegal conduct alleged herein is continuing and there is no indication that Defendants will not continue such activity into the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay the wage and compensation required to be paid and will fail to comply with other requirements of the California Labor Code and Wage Order of the Industrial Welfare Commission.

104. As a direct and proximate result of Defendants' conduct, Defendants have received and will continue to receive monies that rightfully belong to members of the general public who have been adversely affected by Defendants' conduct, as well as to Plaintiff by virtue of unpaid wages and other monies.

105.   Plaintiff is entitled and seeks any and all available remedies including restitution and recovery of reasonable attorneys' fees pursuant to California Code of Civil Procedure §1021.5, Business and Professions Code § 17200, *et seq*., the substantial benefit doctrine, and/or the common fund doctrine.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### SEVENTH CAUSE OF ACTION
**(CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT FOR FAILURE TO PROVIDE PAID REST PERIODS OR COMPENSATION IN LIEU THEREOF)**
**(Lab. Code §§ 226.7(b) and Industrial Welfare Commission ("IWC") Wage Order 4-2001 § 12)**
**(Alleged by Plaintiff Rodriguez Individually and On Behalf of Aggrieved Employees Against Defendants)**

106.    Plaintiff Rodriguez realizes and incorporates by reference the foregoing allegations, as though set forth herein.

107.    Pursuant to Labor Code § 2699, any provision of the Labor Code

that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

108.    Plaintiff Rodriguez is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against his, and therefore is properly suited to represent the interests of other current and former similarly aggrieved employees of Defendants.

109.    On March 21, 2017, pursuant to Labor Code § 2698, et seq., Plaintiff Rodriguez served via certified mail, return receipt requested, the LWDA and PetSmart, Inc. with his claims for wage and hour violations and penalties. The statutory waiting period expired, and the LWDA did not serve Plaintiff with a notice of intent to assume jurisdiction over the applicable penalty claims. Therefore, Plaintiff has satisfied and exhausted the procedural notice requirement to pursue penalties against Defendants pursuant to Labor Code §2698, et seq.

110.    Labor Code § 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

111.    Labor Code § 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty

is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

112. Labor Code § 2699.5 provides, in pertinent part that "[the provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] …1194, 1194.1" as provisions of the Code that allow for recovery of civil penalties pursuant to PAGA.

113. Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

114. The IWC Wage Order 4-2001, § 12 states:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

115. Plaintiff alleges that Defendants failed to provide paid ten-minute paid rest periods for every four (4) hours or major fraction thereof worked per day

by Service Providers, and failed to provide compensation for these periods, as required by law and the Wage Order. Specifically, Defendants compensation policy could not provide Plaintiff and other aggrieved employees paid rest periods as required by the Wage Order nor did Defendants pay one hour of pay as compensation in lieu of providing lawful rest period.

116. Plaintiff is informed and believes that IWC Wage Order 4-2001, § 12 applied to him and other aggrieved employees in the State of California during the applicable limitations period. Plaintiff alleges that Defendants, and each them, violated the Wage Order by routinely, systematically and uniformly preventing 10-minute paid rest periods as required by the Wage Order.

117. Despite all of the above, Plaintiff and other aggrieved employees were never paid a rest period premium for non-compliance with Labor Code § 226.7 or Section 12 of Wage Order 4-2001. Accordingly, Plaintiff will seek recovery of civil penalties pursuant to Labor Code § 2699(f)(2) for each initial and subsequent violation of statute and civil penalties including underpaid wages for each initial and subsequent violation of the Wage Order for recovery of rest period "premiums" as required by Labor Code § 558(a). Recovery of civil penalties shall be according to proof and distributed to the LWDA and underpaid employees in a manner subject to approval by the Court.

118. For purposes of this action, Plaintiff, as a representative of the State of California, will seek to invoke Labor Code § 1195.5 which states: "The Division of Labor Standards Enforcement shall determine, upon request, whether the wages of employees, which exceed the minimum wages fixed by the commission, have been correctly computed and paid. For this purpose, the division may examine the books, reports, contracts, payrolls and other documents of the employer relative to the employment of employees. The division shall enforce the payment of any sums found, upon examination, to be due and unpaid to the employees."

## EIGHTH CAUSE OF ACTION
### (CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT FOR FAILURE TO PAY MINIMUM WAGES)
### (Lab. Code §§ 1194-1194.2, 2699(f)(2), and Industrial Welfare Commission ("IWC") Wage Order 4-2001 § 4)
### (Alleged by Plaintiff Rodriguez Individually and On Behalf of Aggrieved Employees Against Defendants)

119.    Plaintiff Rodriguez realizes and incorporates by reference the foregoing allegations, as though set forth herein.

120.    In addition to the above cited Labor Codes, Labor Code § 1194(a) provides: "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

121.    During all or a substantial part of the PAGA Period, Defendants failed to pay minimum wages for hours during which work was performed but commissionable services were not being provided.

122.    As a result of Defendant's failure to pay minimum wages for hours during which work was performed but commissionable services were not being provided, Defendants, and each of them, is liable for civil penalties. Said penalties will be recovered by Plaintiff on behalf of the LWDA within the applicable limitations period of Labor Code § 2699(f)(2) as to violations based on Labor Code §§ 1194, and 1194.2 in the amount of $100 for each aggrieved employee per pay period for the initial violation and $200 for each subsequent violation, for Defendants' failure to pay Plaintiff and other aggrieved employees minimum wages, to be distributed in the manner provided by Labor Code § 2699(i) with 75%

of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court.

123.     Further, Defendant's conduct violates the applicable Wage Order 4-2001, § 4 by failing to pay minimum wages to employees.  Accordingly, Plaintiff will seek penalties for each pay period in the amount of $50.00 for each underpaid employee, including the amount of underpaid wages, for the initial violation and in the amount of $100.00 per period for each subsequent violation as well as an amount sufficient to recover underpaid wages as required by Labor Code § 558(a), subsections (1) through (3).   Said amounts will be recovered in an amount according to proof and distributed to the underpaid employees in a manner subject to approval by the Court.

124.     For purposes of this action, Plaintiff, as a representative of the State of California, will seek to invoke Labor Code § 1195.5 which states: "The Division of Labor Standards Enforcement shall determine, upon request, whether the wages of employees, which exceed the minimum wages fixed by the commission, have been correctly computed and paid. For this purpose, the division may examine the books, reports, contracts, payrolls and other documents of the employer relative to the employment of employees. The division shall enforce the payment of any sums found, upon examination, to be due and unpaid to the employees.

**NINTH CAUSE OF ACTION**
(CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS
GENERAL ACT FOR FAILURE TO PAY OVERTIME WAGES)
(Lab. Code §§ 1194-1194.2, 2699(f)(2), and Industrial Welfare
Commission ("IWC") Wage Order 4-2001 § 3)
(Alleged by Plaintiff Rodriguez Individually and On Behalf of Aggrieved
Employees Against Defendants)

125.     Plaintiff Rodriguez realizes and incorporates by reference the foregoing allegations, as though set forth herein.

126.     In addition to the above cited Labor Codes, Labor Code § 1194(a)

provides: "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

127.    During all or a substantial part of the PAGA Period, Defendants failed to pay overtime wages for hours during which work was performed but commissionable services were not being provided.

128.    As a result of Defendant's failure to pay overtime wages for hours during which work was performed but commissionable services were not being provided, Defendants, and each of them, is liable for civil penalties. Said penalties will be recovered by Plaintiff on behalf of the LWDA within the applicable limitations period of Labor Code § 2699(f)(2) as to violations based on Labor Code §§ 1194, and 1194.2 in the amount of $100 for each aggrieved employee per pay period for the initial violation and $200 for each subsequent violation, for Defendants' failure to pay Plaintiff and other aggrieved employees overtime wages, to be distributed in the manner provided by Labor Code § 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court.

129.    Further, Defendant's conduct violates the applicable Wage Order 4-2001, § 3 by failing to pay overtime wages to employees. Accordingly, Plaintiff will seek penalties for each pay period in the amount of $50.00 for each underpaid employee, including the amount of underpaid wages, for the initial violation and in the amount of $100.00 per period for each subsequent violation as well as an amount sufficient to recover underpaid wages as required by Labor Code § 558(a), subsections (1) through (3). Said amounts will be recovered in an amount

according to proof and distributed to the underpaid employees in a manner subject to approval by the Court.

130. For purposes of this action, Plaintiff, as a representative of the State of California, will seek to invoke Labor Code § 1195.5 which states: "The Division of Labor Standards Enforcement shall determine, upon request, whether the wages of employees, which exceed the minimum wages fixed by the commission, have been correctly computed and paid. For this purpose, the division may examine the books, reports, contracts, payrolls and other documents of the employer relative to the employment of employees. The division shall enforce the payment of any sums found, upon examination, to be due and unpaid to the employees."

**TENTH CAUSE OF ACTION**
(CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS
GENERAL ACT FOR FAILURE TO PROVIDE ADEQUATE WAGE
STATEMENTS)
(Lab. Code §§ 226.3, 2699(a))
(Alleged by Plaintiff Rodriguez Individually and On Behalf of Aggrieved
Employees Against Defendants)

131. Plaintiff incorporates the preceding paragraphs of this Complaint.

132. Labor Code § 226(a) provides in pertinent part**:**

"(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, *an accurate itemized statement in writing showing* (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,…. (5) net wages earned… …and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

133.    Labor Code § 226.3 provides:

"Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

134.    By failing to itemize all deductions from payment of wages and to accurately report total hours worked Defendants violated Labor Code sections 226(a) , and acted willfully and knowingly in violation of Labor Code section 226(e) because they understated, misstated, or failed to state, the number of hours worked, all applicable hourly rates in effect during the pay period, the number of piece-rate units completed and any applicable piece rate earned, the formula for payment, or compensation for the lack of paid rest periods.  Plaintiff, based on information and belief, alleges Defendants' actions were intentional and willful under the legal precedent and guidelines developed by the DLSE in that Defendant purposefully did not pay the proper rate of pay.

135.    As a result of Defendant's failure to provide accurate itemized wage statements, the aggrieved employees suffered harm and are entitled to PAGA civil penalties arising under Labor Code § 226.3 during the applicable limitations period and in an amount according to proof and subject to Court approval.

136.    Accordingly, Plaintiff will seek recovery of the civil penalties pursuant to Labor Code § 226.3 in an amount according to proof based on each initial and subsequent pay period and for each aggrieved employee, to be distributed in the manner required by Labor Code § 2699(i) and subject to approval by the Court.

## ELEVENTH CAUSE OF ACTION
### (CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT FOR FAILURE TO WAGES DUE DURING EMPLOYMENT)
### (Lab. Code §§ 204, and Industrial Welfare Commission ("IWC") Wage Order 4-2001 § 4(B))
### (Alleged by Plaintiff Rodriguez Individually and On Behalf of Aggrieved Employees Against Defendants)

137.     Plaintiff incorporates the preceding paragraphs of this Complaint.

138.     In addition to the Labor Code sections cited above, Labor Code § 204(a) states in pertinent part, "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

139.     IWC Wage Order 4-2001§ 4(B) states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

140.     Cal. Labor Code § 210(a) states that:

"In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5. and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation. two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

141.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to pay Plaintiff and members of the Class (i) all wages due and owing and (ii) all wages due and owing by the time set forth

FIRST AMENDED COMPLAINT

pursuant to Labor Code § 201, 202, 204(a) and IWC Wage Order 4-2001§ 4(B), including, but not limited to, not paying all regular, minimum and overtime wages, and rest premium wages.

142.     Pursuant to Labor Code §§ 210 and 2699, Plaintiff Rodriguez seeks to recover civil penalties on behalf of himself and other current and former aggrieved employees of Defendants in an amount according to proof on each initial and subsequent pay period and for each aggrieved employee, to be distributed in the manner required by Labor Code § 2699(i) and subject to approval by the Court.

## TWELFTH CAUSE OF ACTION
### (CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT AFTER TERMINATION OF EMPLOYMENT)
### (Lab. Code §§ 201-203)
### (Alleged by Plaintiff Rodriguez Individually and On Behalf of Aggrieved Employees Against Defendants)

143.     Plaintiff incorporates the preceding paragraphs of this Complaint.

144.     As set forth in the Labor Code sections cited above, through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to pay Plaintiff and members of the Class all wages due and owing by the time set forth pursuant to Labor Code § 201 and 202, including, but not limited to, not paying all regular, minimum and overtime wages, and rest premium wages. Defendants further failed to pay the requisite waiting time penalties as required by Labor Code § 203. As a result Defendants are liable for the penalties for these violations pursuant to Cal. Labor Code § 2698, et seq.

145.     Pursuant to Labor Code § 2699, Plaintiff Rodriguez seeks to recover civil penalties on behalf of himself and other current and former aggrieved employees of Defendants in an amount according to proof on each initial and subsequent pay period and for each aggrieved employee, to be distributed in the

manner required by Labor Code § 2699(i) and subject to approval by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages for judgment against Defendants, jointly and severally, as applicable, as follows:

a.  For injunctive relief as provided by the Labor Code to the extent permitted by law including, but not limited to, pursuant to § 226(h), and Business and Professions Code §17200, *et seq*.;

b.  For restitution as provided by Business and Professions Code §§ 17200, *et seq*.;

c.  For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declare by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq*.;

d.  For an award of unpaid wages, including regular wages, minimum and overtime wages, rest premium wages, to the extent permissible by law to each affected person;

e.  For penalties to the extent permitted pursuant to the Labor Code, Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code § 203 penalties under Labor Code § 226(e);

f.  For an award of actual damages to the extent permissible by the Labor Code including Labor Code § 226(e);

g.  For an award of civil penalties to the extent permitted pursuant to Cal. Labor Code 2699, and including but not limited to the penalties set forth in Cal. Labor Code 210, 226.3, 558, 1197.1, and 2699(a) and (f).

  h. For an award of liquidated damages to the extent permissible by Labor Code §1194.2;

  i. For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

  j. For reasonable attorney's fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code §§ 218.5, 226, 558, 558.1, 1194, 2698 et seq., and Code of Civil Procedure § 1021.5; and

  k. An award of such other and further relief as this Court deems proper and just.

Dated: July 17, 2017     SHORTLEGAL, APC

       By: /s Brian R. Short
         BRIAN R. SHORT
         KRISTINA DE LA ROSA
         Attorneys for Plaintiff Andrew Rodriguez

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial by jury to the extent authorized by law.

Dated: July 17, 2017     SHORTLEGAL, APC

       By: /s Brian R. Short
         BRIAN R. SHORT
         KRISTINA DE LA ROSA
         Attorneys for Plaintiff Andrew Rodriguez